[NOT FOR PUBLICATION]

United States Court of Appeals
For the First Circuit


No. 97-1393

JOSE F. RODRIGUEZ, ET AL.,
Plaintiffs, Appellees,

v.

PRUDENTIAL-BACHE SECURITIES, INC.,
Defendant, Appellee.



ANA M. MORALES,
Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Lynch, Circuit Judge, 
and Gierbolini,* Senior District Judge. 



Jos Luis Gonz lez-Casta er was on brief for appellant. 
Carlos A. Bobonis-Gonz lez, with whom Bobonis, Bobonis & 
Rodr guez Poventud was on brief for appellee. 



February 26, 1998


 

* Of the District of Puerto Rico, sitting by designation.

Per Curiam. Plaintiff Ana M. Morales ("Morales") Per Curiam. 

appeals the district court's grant of defendant Prudential-Bache

Securities, Inc.'s ("Prudential's") cross-motion for summary

judgment in this wrongful termination dispute. We affirm.

On December 28, 1990, Morales, her husband, Jos F.

Rodr guez ("Rodr guez"), and their conjugal partnership filed a

complaint in the District Court of Puerto Rico against Rodr guez'

former employer, Prudential, seeking redress in connection with

the brokerage firm's February 1990 closing of its Puerto Rico

subsidiary and its termination of Rodr guez' employment. The

plaintiffs asserted seven causes of action arising out of

Prudential's alleged wrongful termination of its contractual

relationship with Rodr guez. Six of the seven causes of action

were brought on behalf of Rodr guez and the conjugal partnership.

The remaining cause of action sought compensation on Morales'

behalf for damages she suffered as a result of the direct injury

to her husband by Prudential.

The district court ordered the parties to proceed with

arbitration of all claims pertaining to Rodr guez before an

arbitration panel of the New York Stock Exchange ("NYSE"). The

district court stayed the claims of Morales and the conjugal

partnership pending the outcome of the arbitration. Rodr guez

and the conjugal partnership arbitrated their claims before the

NYSE, and the arbitration panel awarded him $1,014,250 plus costs

and attorney's fees in full and final settlement of all claims.

Thereafter, Prudential's petitioned the district court to vacate

-2-

the award, but the court entered judgment for Rodr guez and the

other claimants. See Rodr guez v. Prudential-Bache Sec., Inc., 

882 F. Supp. 1202 (D.P.R. 1995). On appeal, this court affirmed

the district court's judgment. See Rodr guez v. Prudential-Bache 

Sec., Inc., 72 F.3d 234 (1st Cir. 1995). Prudential then paid 

Rodr guez his arbitration award.

In her subsequent motion for partial summary judgment,

Morales argued that since the arbitrators rendered an award in

favor of Rodr guez, and since her claims were based on his

wrongful termination, the arbitration panel adjudicated all the

facts necessary to find Prudential liable to Morales on her

claims. Thus, according to appellant, the only issue remaining

was the extent of damages and the corresponding compensation.

The district court dismissed Morales' complaint and granted

Prudential's cross motion for summary judgment. Morales appeals.

We find the district court's well-reasoned opinion

persuasive, and we affirm on the grounds stated therein. See 

Rodr guez v. Prudential-Bache Sec., Inc., No. 90-2659 (D.P.R. 

January 23, 1997). We write only to emphasize that Morales'

claims arose directly from Prudential's termination of Rodr guez'

employment in violation of Law 80, P.R. Laws Ann. tit. 29, 

185a, et seq., which provides an exclusive remedy for an employee 

who has been discharged without just cause. As the district

court noted, "[h]er claims are directly derived, and inextricably

intertwined with the employment dispute between Prudential and

her husband, Jos Rodr guez." Consequently, her attempts to

-3-

assert an independent cause of action for damages under Puerto

Rico's general tort statute, Art. 1802 of the Civil Code of

Puerto Rico, P.R. Laws Ann. tit. 31, 5141, are unavailing.

Morales might have had a viable cause of action if she

alleged tortious acts by Prudential independent of her husband's

dismissal. In Pujol v. Shearson/American Express, Inc., 829 F.2d 

1201 (1st Cir. 1987), a husband and wife, individually and as

representatives of their conjugal partnership, appealed a

district court's denial of their motion for partial summary

judgment against an employer. This court held that an

arbitration award under the husband's employment contract stood

as res judicata with respect to the husband and conjugal

partnership's claims, which were already arbitrated or could have

been raised at the arbitration proceeding. See id. at 1206-08. 

However, the Pujol court allowed the wife "to sue for 

direct injury to her property and herself." 829 F.2d at 1209.

This court observed that "[i]f [the wife] can prove that personal

papers, documents and property belonging to her, as distinct from 

her husband or the conjugal partnership, were subjected to the 

treatment alleged, then she has stated a cause of action." Id. 

at 1208 (emphasis added). In the instant case, any injury

alleged by Morales resulted from Prudential's conduct toward her

husband rather than from any acts committed directly against her.

Ultimately, Morales has failed to assert any independent factual

basis for recovery distinct from her husband or the conjugal

partnership.

-4-

Costs to be assessed against appellant.

Affirmed.  Affirmed 

-5-